Perkins, J.
— “ In this case there are no children, nor is there any father or mother, and the wife died Intestate leaving real estate. The husband is therefore entitled, as against the lessors ol‘ the plaintiff to one third of it in fee. What is his Interest in the remaining two thirds ? We think nothing. He had no children born alive by his wife Elizabeth. At common law then he had no interest in any part of the estate by the “ curtesy;” and we think the statute by giving bim one third in fee and declaring that he should “ be tenant by the curtesy as at common law of the residue,” made no enlargement of his common law-right in that residue; but that the design was, by the latter clause of section 13 to exclude any presumption, in those cases where by the common larv a tenancy by the curtesy would exist, that, by giving one third of the real estate in fee, it was intended to abridge such curtesy right in the other two thirds. We think that clause means the same as though it read: “ He shall be entitled, &c., under the same circumstances as at common law he would have been,” &e. As the plaintiff below recovered the entire interest in the land sued for, the judgment must be reversed. He should have recovered but two thirds. As to the other third:, the defendant was not guilty.”